Our next case is number 5-24-0666, Bunkhouser v. Granite City Appellant, if you are ready, you may proceed. Good morning again. May it please the Court, Your Honors, Counsel. This case, again, is a case of whether or not an administrative toe fee violates substantive due process whether it is rationally related to the intended purpose of the ordinance. The City first argues in their brief that because plaintiff filed an amended complaint to narrow the class, the class should be defeated. The argument cited throughout the brief, or at least in this section, misstates the petition to amend the class and the petition to amend the complaint. In the motion to amend the class certification, Mr. Polinsky put in there that he was narrowing the class. The language that he placed in the motion was that the City could argue that this would defeat the claim. He was trying to narrow the class to make it more specific so that it would be more defined as set forth in the class action statute. The trial court, after arguments and motions after arguments, on October 25, 2022, the trial court granted plaintiff's motion to amend the complaint. The City next argues that under the facial challenge, the court found that the recovery of costs in this case, the fees bear a rational relationship to the actual costs that is intended to recoup. And again, they cite Leahy, I'm not sure how to pronounce that either now, versus City of Carbondale. Again, the City of Carbondale case was a trial on the merits, testimony elicited, exhibits presented, evidence presented, cross-examination of witnesses, contentions on the exhibit, everything that a trial would do in a case. This particular case was a motion to dismiss. It was arguments heard on the motion to dismiss the plaintiff's third amended complaint. The problem with the position in Funkhauser versus City of Granite City is that the court was not addressing a trial. The court heard, I'm sorry, just arguments from counsel and from plaintiff's counsel and City's counsel. The court failed to consider, again, that taxpayers pay officers to do these jobs that they're saying these fees are intended to recoup. Since this is a motion to dismiss, it was improper for the trial court to look beyond anything outside of the complaint and look at the complaint as whether or not the claim, whether there was a rational relationship that the claim had to the ordinance in question. Carter found that plaintiffs, in 2015, when the Carter court decided the first four appeals for these four cities, the plaintiffs were not required to prove their case to survive a motion to dismiss. In fact, the court found that the fact that defendants had some evidence that might be arguably there to dismiss or defeat an allegation didn't mean that dismissal at the pleading stage was warranted. It should be noted here that the city only briefly addressed, and the trial court, again, did not address at all, the fact that the city does not impose these fees, the fee in this particular ordinance, on non-motorists who are charged with the same offenses. And in this particular case, it's a common law record on 470 and 471, it's the list of offenses that this fee can be charged for. Some of these are aggravated battery, aggravated battery with a firearm, battery to a child, robbery, armed robbery, burglary, aggravated arson, all of those offenses, if they are charged and there is a vehicle in question, if someone has a vehicle, drives to a house and commits arson and the vehicle has to be towed, they are charged this $300 to $500 depending on the municipality. If they walk to the person's house and commit arson, they are not charged this same fee. If the intent of this ordinance, and this ordinance, unlike several of the other municipality ordinances, does have language that it is for investigation and detainment of individuals, not just towing and impoundment. But if the ordinance is, its intended purpose is to impose those fees for investigation, detainment, securing a scene, holding other individuals, those types of things, they would charge that whether or not there was a vehicle involved. The Carter Court stated that many of the costs the defendants pointed to in that appeal are incurred handling any arrest. Police officers must process evidence, investigate cases, and book defendants into the county jail whether or not a vehicle is involved. Yet the ordinances charge a fee to recoup these costs only if a vehicle is impounded. And charging those fees because a vehicle is used in connection with an offense listed is arbitrary unless there is some reason to treat those offenses differently. Again, the trial court first in the city has failed to argue how these offenses are different with the exception of that there is a vehicle involved. Therefore, there is no rational basis to impose these fees on persons who commit triggering offenses under the ordinance but not impose the fee because they are not in possession of a vehicle when they do so. By adding this interpretation to the ordinance, the trial court did not take the facts in light most favorable to the plaintiff as is required in a motion to dismiss and instead looked beyond the complaint. The next section of the city's argument is that the substantive due process claim plaintiffs allege fails. The trial court found the plaintiff's substantive due process claim is defeated because adequate administrative remedies were available to plaintiffs and plaintiffs simply chose not to pursue them bringing this action instead. This was already addressed in Carter in 2015. The Carter court, and I quote, stated, The only affirmative matter asserted in the motions to dismiss was an allegation that the plaintiffs had failed to exhaust their administrative remedies before challenging the validity of the ordinances. Because the plaintiffs clarified that they were challenging the ordinances on their face, they are not required to do so. Ten years later, this still holds true. As importantly, this ordinance's own language supports plaintiffs' argument. The ordinance provides that there is an administrative review that must be filed, I believe, within 45 days of the impoundment of the vehicle to determine whether, by preponderance of the evidence, the vehicle was used in the commission of the crime. This is basically a probable cause hearing as to whether or not there was a crime committed and the vehicle was used in the commission of that crime. That does not at all address the issues we're in front of this court on today or what was argued in the motion to dismiss. Under the voluntary payment doctrine, each plaintiff has his vehicle taken. If he has a vehicle under this ordinance, he has his vehicle taken by the towing company that the city contacts the towing company that they contract with. It's taken to the tow yard. Once the individual is released from jail or a family member, if he stays in jail, can go to the city's offices, get a receipt from the city's office after paying the fee, take that receipt to the tow yard to get his vehicle. If the person doesn't go pay that fee, the vehicle cannot be released. You can't go to the tow yard and say, I'm challenging that. I don't want to pay it. You know, go ahead and give me my vehicle. I'll pay later if need be. You can't do that. You have to have that receipt showing that you did, in fact, pay the administrative tow fee to the city before they will release the vehicle to you. In POTAC v. City of Chicago, the court found that a payment is made under duress when the payee, and I quote, exerts some actual or threatened power over the payor from which the payor has no immediate relief except by paying. That's exactly what's happening here. There is no relief for the plaintiff, any individual plaintiff, except by paying that fee. The city and the court cited SCOA Industries v. Howlett. There the argument was that the court found that the plaintiffs are forced to pay the fee, and the city just merely restates the fee that they did not appeal that fee under that particular case. Therefore, the voluntary payment doctrine in this case does not apply. Finally, there was an argument by the city that excluding the per people, I touched on this briefly in the beginning, but excluding a few of the, narrowing the complaint to a more specified and defined set of individuals is how Mr. previously. It was not to take out individuals because they would defeat the claim. He never has alleged that. He never agreed to that, and the argument that plaintiff conceded this argument is patently false and misled the trial court into thinking and entering into his order that plaintiffs did this to avoid defeating the claim. It was made to narrow the claim so that it was a more definite, definitive class. A plaintiff can choose to pursue two classes of individuals under the statute. Some of those offenses I cited, agbat, felony, retail theft, robbery, any of those could be a certain class. Then there could be the class for individuals that got DUIs and died in moral suspense. A third class for those involved in accidents. Things like that. Additionally, the trial court could have, instead of just dismissing the case, case law shows, and it's cited in my brief, that the trial court could have made subclasses to make it a little more understandable for a jury to see what type of class or what this ordinance is purporting to explain. The city fails to cite any legal authority in support of this argument, and counsel that I could not find any legal argument, any case law that compels plaintiffs in a class to define a class as the city sees that it should be or thinks it should have been defined or include every single person in a class that could be a part of that class. In the common law record on page 449, the judge granted the motion to amend the complaint with the name plaintiffs on October 15, 2022. There was no motion to set that aside or anything to that effect. And unless there's any questions. What about the motion that that is somehow evidence that the narrowing of the class was meant to avoid or to somehow harm the facial challenge? I mean, what about that? I mean, can the court look at that as evidence? I don't see that as evidence. I see that as an argument. And Mr. Polinsky put that in his motion that he sees, he saw that there could be an argument made because he wanted to narrow the class to just driving while intoxicated versus all of the, and there's over, there's 20 I think, ordinance by, or I'm sorry, offenses that if you have a vehicle you can be charged with or charged this fee. He was narrowing the class so that it just handled the predominant group, I could say. It made it more defined, more narrow, more concise. And that was the intent and that was what was argued, that there was no other intent involved in that. And quite frankly, the evidence at trial would be that, it would counter that argument, I guess is what I'm trying to say. Any further questions? No questions. All right. Thank you. We request that you overturn the trial court's decision and remand this back for trial. Here. Appellee, you may proceed. Good morning. I'd also like to ask the court's indulgence that I keep a little bit of water with me here this morning with these, I think it's allergies and whatnot that we're all dealing with. Good morning, and may it please the court. My name is Erin Phillips, and I am here on behalf of the appellee, City of Greenwich City. Unlike my other court members here today, or counsel here before the court today, this is the first time that I have been here before this court to argue this particular issue. And I am in a different bit of a position here with my presentation, and I want to go directly to some of the questions posed to counsel on what our focus is. And I think it's very important to discuss the basis for the motion to dismiss in this matter. A couple of things that need to be noted from the get-go. The Carter decision in 2015 specifically noted, in Judge Chapman's opinion, that there was no affirmative matter being raised by the defendants. The crux of the City of Greenwich City's argument is a 619A9 motion. It is an affirmative matter issue. The affirmative matter that is set forth is the plaintiff's own pleadings in this matter, and I want to make sure that we discuss those and are very clear about what was and wasn't stated there in the motion to amend the class. So I think jumping right to the heart of that issue, that distinguishes the argument that we are making here. Number one, we do have affirmative matter. Number two, this is a case that is focused upon a facial challenge, and I know our brief went in-depth about constitutional background and constitutional analysis because that is the argument that the City of Greenwich City has at this point, is that on a facial challenge, we have a very difficult burden placed on the plaintiff to make a facial challenge, and we have a presumption of validity for the city. So the plaintiff is in even a motion to dismiss standard, even where all facts are taken in the light most favorable to the non-moving party. It is still a very difficult hill that they have to climb under that set of circumstances because there is this very difficult burden, and the burden is that the plaintiff has to overcome any set of facts, any set of circumstances where this ordinance could be held to be rationally related. Here it is the defendant's argument, as laid out in the brief and upheld by the trial court, that acknowledging the narrowing of the class in a way that would limit persons who could arguably be found to have rationally related costs is, on its face, something that shows that this is facially valid. That's the difficulty here. The difficulty for the plaintiff is that as soon as you acknowledge, and the court can give consideration to, that there are individuals where there are costs, there are costs that have been recognized, and that's the significance of Lehi, Leahy, is that some of these costs already have been recognized by the court. That comes into consideration. So the court here is tasked with this obligation, as the U.S. constitutional law and adopted in the state of Illinois constitutional law says, that the court has to make this facial determination when presented with it. It can consider speculation, it can consider hypotheticals, and it can certainly consider the pleadings of plaintiff. And, again, I want to be very clear for the court. I've actually particularly have the motion here because I want the plaintiff's motion, that's an issue here. I want to be clear what it was that we have argued in the motion to dismiss and what Judge Carruthers' order found. This was not an admission by plaintiffs that they would not win their case. That's not what's been suggested here. That's not what's been argued. So to say that it's factually incorrect by plaintiff is not a fair statement of where this issue lies. If you go to the specific terminology of the motion, and it's in the opinions of plaintiff's brief at A23 and A24, the wording was, it has become apparent that a very small segment of current class members could be argued to defeat the entire class. That's the part that has been stated to be an admission, the fact that plaintiffs themselves have acknowledged that there can be a set of facts. And what those set of facts are, they go into paragraph 2 at page A23 to lay out the situations where the expenses could be greater, type A crash situations, cases in which felony arrest and investigation occur, cases where EMT or fire services are called to the scene. They give certain examples to the court to consider where this could be determined to be factually correct. And the court can do this at this stage. On a 619A9, we do not have to be at summary judgment. The court can make this facial determination at this point in time. And one of the things the court can consider is its own prior precedent and its own prior decisions. So the court has the knowledge coming into this matter of similar type of costs that were looked at in Leahy. The court also has the knowledge of what it previously determined in the Carter decision. The Carter decision is also particularly interesting beyond the fact that there was no affirmative matter raised. We also have the secondary issue that Justice Moore's own concurrence noted that the evidence that would be developed when the parties went back into discovery could impact the nature in further consideration of this case. It in fact says that, quote, the nature of the evidence will likely impact the parameters of the legal analysis that will need to be employed. And that's exactly what's happened here. A plaintiff's own motion indicated discovery showed and depositions revealed that there was testimony that in some of these circumstances the costs could be argued to defeat the case, to defeat the class and defeat the claim. And so this is all appropriate for the court's consideration at this time. In terms of the argument of where we are in constitutional law and the tension with a class action claim, is that I think that what plaintiff attempts to assert is that class action law would make constitutional law yield to it. And that cannot be the state of the law. We have many legal maxims that say what has to occur and how things have to be analyzed. And our constitutional law analysis doesn't change simply because we have a class action. Plaintiff is correct that I have not cited any case law directly with a class action, but I've cited two cases that talk about the attempts of parties to narrow the scope of an ordinance in an attempt to save the constitutionality of the ordinance. And in those circumstances, and one is, I'll quote the citations here, City of Los Angeles and the other one was People v. Burns. The significance in both of those cases was that the parties seeking to argue the ordinance were trying to take the scope of the ordinance from all people impacted by the ordinance and narrow it down to only a subset. One example was, well, if we only apply this ordinance to felons, it would be constitutional. And the Court said that that's not how the constitutional analysis is performed. You have to apply it to everyone who is within the scope when it's a facial challenge. If you're not applying it to everyone who is within the scope, then you have an as-applied challenge. And here, plaintiff has conceded that they are not pursuing an as-applied challenge. The only thing we have is a facial challenge. So it does not comport that simply because we have a class action that that analysis on the constitutional level changes. The city is in no way suggesting that the plaintiff isn't able to construct their class. Absolutely are. The plaintiff can make the determination about who they want in their class and who they don't want in their class. And that's why that argument that it should have been raised at the motion to amend in the class certification issue is also a red herring and a non-starter. Because, of course, plaintiff has a position where they can move to amend their complaint, and they were allowed to do so. But the fact that plaintiff amended their complaint opened a new argument with affirmative matter that has simply precluded them from moving forward on this facial analysis. This is the primary position that the city is asking that this decision be affirmed by, is under this issue that a facial analysis, a facial challenge here simply cannot stand. Apologies. One of the cases that we have relied on for this and was also relied upon by the trial court is Napleton, an Illinois Supreme Court, 2009, and also City of Chicago v. Morales, an Illinois decision from 1997. And the significance of both of those is that just as statutes are presumed to be constitutional, so are ordinances. And, again, the burden of rebutting that presumption is on the party challenging the validity of the statute to clearly demonstrate a constitutional violation. But, again, it's then incumbent upon the court at whatever stage that this issue is raised to perform this analysis. And if the court, again, finds any set of facts, any set of facts, under which the ordinance would be constitutional, the facial challenge must fail. Cleanup is also, again, seems to suggest ultimately that the excluded members of the class would be irrelevant to a facial challenge analysis. And, again, that dovetails back into what I was just stating to the court, that that simply cannot be the proper analysis, that you could overcome a constitutional challenge simply by attempting to carve out certain members of the class so as to survive the challenge. Plains counsel has also had great discussion about the different types of violations or charges that this ordinance could apply to. Again, that would be an as-applied challenge. Anytime we're taking and breaking down the individual persons who are impacted, the individual different charges that could be pursued, that has to be brought on an as-applied, not on a facial challenge. For these reasons, the city of Greenwich City is asking that this court affirm the trial court's decision and find that there was affirmative matter which destroys the facial challenge and that this matter remain dismissed on that basis. The second lesser basis that we also presented below in the trial court has ruled upon and we're asking that you affirm is this question of whether or not there was a proper pleading of that substantive due process claim. And this is where I think, again, we're parting ways a bit with the Carter decision in that the Carter decision did make reference to a substantive due process claim but not in the context of the pleading requirement. Counsel, with our particular brief, has challenged saying that the case law that we have cited here are 1983 cases, and they are 1983 cases where there were constitutional issues brought through the federal court systems. But our response to that in our brief and here to the court today is simply that 1983 is the vehicle by which we moved that constitutional claim through the federal courts. It doesn't limit that analysis or make it irrelevant to an Illinois constitutional law claim. And in those circumstances, what the court determined was that to even have this analysis, the rational basis review analysis before the court can even engage in that analysis, it has to ensure that the plaintiff has argued both a deprivation of the property interest and then either an inadequacy of state law remedies or an independent constitutional violation. So I think the confusion is it's not stating that you have to go exhaust your administrative remedies. It's saying you had to argue why your administrative remedies were insufficient. I believe that that is the position on which Judge Carothers affirmed or Judge Carothers ruled on that portion as well and that we're asking that you affirm on that basis as well. Finally, I see that my time is drawing short, so I will briefly say that the third basis that we have touched upon is the voluntary payment doctrine. It's stating that there is an opportunity for the plaintiff to have gone into an administrative procedure and made an argument as to why the vehicle wasn't involved in the crime, had the vehicle released, and that's the theory behind the application of the voluntary payment doctrine in this case. I know that my time is going to be expiring shortly. I'd just like to briefly conclude asking again that the court affirm the trial court's decision first and primarily based upon this analysis of a facial challenge and why a facial challenge here cannot be maintained throughout the remainder of any litigation for this to be remanded. Secondarily, that there was an insufficient pleading with respect to the threshold pleading of the inadequacy of the state law or, I'm sorry, the local ordinance and its remedies that it provided. And finally, the voluntary payment doctrine. No questions. Thank you, Your Honors. I'd like to first start with why the city argues that Judge Carruthers' decision was why the administrative remedies are insufficient, and I might be misquoting her. In this particular case, there are no administrative remedies that would cure a substantive due process argument. It's only an administrative remedy as to whether there was basically, in lay terms, probable cause to take the vehicle or to tow the vehicle. In a facial challenge, counsel was correct. In a facial challenge, there can't be any circumstances where a claim would fail. She also correctly states plaintiffs can put whomever they want into a class, and as I argued previously, which was not disputed. You can have subclasses. You can have two different classes. And the cases cited in the brief and in the reply brief are such as that. Plaintiffs under 5-11-501 can have two classes, the first class including members of one named class and secondly in another. Subclasses were set forth in Avery v. State Farm Mutual. For that particular argument, the argument that the fact that the amended complaint was modified to narrow the list of the class members, has again been, the argument has been misstated. She read exactly what the petition stated, that the city, or it could be argued by the city, that this would defeat the claim. We didn't say that it's not arguably, that arguably this would defeat it. And I apologize, I'm just stumbling over my words. Because semantics, it's saying that because the plaintiffs argued that they can make this argument, our claim is defeated because we now say, oh, well, this class can defeat the claim. That was not what was stated in the petition. That was not what was argued. The statement that could be argued is just that. Again, the city is asking you to throw all kinds of different interpretations into the plain language of what was in that petition, that it could be argued. And as was argued by plaintiffs' counsel, trial counsel, we don't believe that a trial would be defeated, that that would defeat the claim. As for the facial challenge, the presumption of validity for any ordinance or statute, and the 619 motion to dismiss, the way 619 motion to dismiss is tailored is that the city admits the legal sufficiency of the complaint, and the question is whether no set of facts would allow plaintiff to recover. As set forth in the complaint, there are facts, the facts do establish that plaintiff would recover, prevailing in a facial challenge and substantive due process argument. And I see my time is about over. Are there any questions? Are there questions? No questions. All right. Thank you. Thank you. Thank you for your arguments. We will take this matter under advisement and issue a ruling in due course.